10-2258-cv(L)
*Johnson, et al. v. Univ. of Rochester Med. Ctr., et al.*

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

————————

August Term, 2010

(Argued: March 15, 2011          Decided: April 19, 2011)

Docket Nos. 10-2258-cv(L); 10-2267-cv (con)

————————

KEITH JOHNSON, M.D., bringing this action on behalf of the United States of America,

*Plaintiff-Appellant*,

LAURA SCHMIDT, R.N., bringing this action on behalf of the United States of America,

*Plaintiff*,

- v. -

THE UNIVERSITY OF ROCHESTER MEDICAL CENTER, STRONG MEMORIAL HOSPITAL,

*Defendants-Appellees.**

————————

Before:
    WESLEY, CHIN, and LOHIER, *Circuit Judges*.

Appeal from a judgment and orders of the United States District Court for the Western District of New York (Larimer, *J.*) that: (1) dismissed Appellant's complaint and denied leave to amend; (2) denied relief pursuant to Federal

————————

* We direct the Clerk of the Court to amend the official caption in accordance with this opinion.

Rule of Civil Procedure 60(b)(1); and (3) sanctioned Appellant's counsel pursuant to Federal Rule of Civil Procedure 11 or, alternatively, 28 U.S.C. § 1927.

We **DISMISS** the appeal from the district court's judgment and order that dismissed Appellant's complaint and denied leave to amend. We **AFFIRM** the orders that denied relief pursuant to Federal Rule of Civil Procedure 60(b)(1) and sanctioned Appellant's attorney pursuant to § 1927.

-------

CHRISTINA A. AGOLA, Christina A. Agola, PLLC, Rochester, NY, *for Plaintiff-Appellant*.

THOMAS S. D'ANTONIO, (Christin M. Murphy, *on the brief*), Ward Greenberg Heller & Reidy LLP, Rochester, NY, *for Defendants-Appellees*.

-------

PER CURIAM:

Appellant Keith Johnson, M.D.[1] appeals from a judgment and three orders of the United States District Court for the Western District of New York (Larimer, *J.*) that: (1) dismissed his complaint and denied leave to amend; (2) denied relief under Federal Rule of Civil Procedure 60(b)(1); and (3) sanctioned his attorney.

-------

[1] Laura Schmidt, R.N. brought the *qui tam* action in conjunction with Johnson. This appeal, however, is brought solely on Johnson's behalf. Accordingly, we refer solely to Johnson throughout.

For the reasons stated below, we **DISMISS** the appeal from the judgment and order that dismissed his complaint and denied leave to amend for lack of appellate jurisdiction. We **AFFIRM** the orders that denied Rule 60(b)(1) relief and imposed § 1927 sanctions.

## I. Background

Johnson filed a *qui tam* action pursuant to 31 U.S.C. § 3729, alleging that the University of Rochester Medical Center and Strong Memorial Hospital (the "University") fraudulently billed Medicare/Medicaid for medical procedures performed by unsupervised residents. The United States declined to intervene, the district court unsealed the complaint, and Johnson served the University.

The University then moved to dismiss Johnson's complaint for failure to state a claim. In response, Johnson moved for leave to amend, arguing that leave should be "freely given" in the absence of "bad faith," "repeated failures to cure deficiencies," or "futility of the amendment."[2] Johnson did not assert that he was entitled to

---

[2] Johnson moved for leave to amend on December 31, 2008. Thus, former Rule 15 governed the amendment. Former Rule 15 stated:
> "A party may amend the party's pleading once

amend as of right.  In the University's opposition to Johnson's motion, it moved for sanctions pursuant to Federal Rule of Civil Procedure 11.

In a judgment entered February 19, 2010, the district court dismissed the action and denied Johnson leave to amend, holding that Johnson's request to amend his complaint would prove futile because he repeated the original complaint's insufficient allegations and added two new, but ultimately defective, causes of action.  The court also denied, without prejudice, the University's sanctions motion because the University failed to file the motion separately, as required by Federal Rule of Civil Procedure 11(c)(2).

On March 22, 2010, Johnson moved for reconsideration pursuant to Federal Rule of Civil Procedure 60(b)(1). Johnson argued that the district court should have granted leave to amend because former Federal Rule of Civil Procedure 15(a) allowed one amendment as of right.  The

---

as a matter of course at any time before a responsive pleading is served . . . . Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

Fed. R. Civ. P. 15(a) (1998).

district court denied reconsideration, reasoning that it made no mistake since Johnson committed the decision asking whether to allow amendment to the court's discretion by asking for permission to amend.

The University subsequently filed a separate sanctions motion pursuant to Federal Rule of Civil Procedure 11 or, alternatively, 28 U.S.C. § 1927, alleging that Johnson's attorney knowingly included a false accusation in the amended complaint. The district court granted the sanctions motion, holding that Johnson's attorney relentlessly pursued claims without basis in law or fact and knowingly included a false statement in the proposed amended complaint.

## II. Discussion

**A.   Jurisdiction to Review the District Court's Judgment**

This Court lacks appellate jurisdiction over Johnson's appeal from the district court's February 19, 2010 judgment and order dismissing his complaint and denying leave to amend. Pursuant to Federal Rule of Appellate Procedure 4, a party must file a notice of appeal within thirty days from the date judgment is entered. Fed. R. App. P. 4(a)(1)(a). A party tolls its filing deadline, however, by filing a Rule 60(b) motion within twenty-eight days of the judgment's

entry.  Fed. R. App. P. 4(a)(4)(A)(vi).  Filing deadlines are mandatory and jurisdictional.  *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 363 (2d Cir. 2003).  Accordingly, failure to comply with Rule 4 warrants dismissal.  *Glinka v. Maytag Corp.*, 90 F.3d 72, 74 (2d Cir. 1996) (citation omitted).

Johnson filed his Rule 60(b) motion on March 22, 2010, three days after the twenty-eight day tolling deadline expired.  Because Johnson's Rule 60(b) motion failed to toll his deadline to file a notice of appeal, his June 4, 2010 notice of appeal was untimely.[3]  Accordingly, this Court lacks appellate jurisdiction over the judgment and order dismissing Johnson's complaint and denying leave to amend.

---

[3]  Johnson also argues that the district court's order denying the University's sanctions motion without prejudice rendered the February 19th judgment and order non-final. Although Johnson is correct that some sanctions orders (*e.g.*, discovery sanctions) are "inextricably intertwined" with the merits of a case when the order appealed from is a sanctions order, *see Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 205-06 (1999), there was no reasonable possibility in this case that resolving the University's sanction motion would require further analysis of the merits.  The pendency of the sanctions motion therefore did not extend the time to appeal the merits judgment. *Cf. Salovaara v. Eckert*, 222 F.3d 19, 27 n.4 (2d Cir. 2000) ("Salovaara's time to appeal from the District Court's decision on the merits began to run in July 1998, notwithstanding the fact that Eckert was granted leave to file a motion for attorney's fees and/or sanctions.")

**B. Johnson's Request for Reconsideration**

Johnson contends that the district court abused its discretion by declining to reconsider its order that denied his request for leave to amend. Federal Rule of Civil Procedure 60(b)(1) permits a district court to grant relief from a judgment based on "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1) (2010). We review a district court's decision on a Rule 60(b) motion for abuse of discretion. *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 127 (2d Cir. 2010). A court abuses it discretion when (1) its decision rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions. *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2010).

Here, the district court denied reconsideration after concluding that Johnson had not requested permission to amend as of right, and that it made no mistake in not divining that Johnson actually intended to do so. The court held that because Johnson sought leave to amend, it was within the court's discretion to deny his request.[4] We

---

[4] Johnson cites *Kassner v. 2nd Avenue Delicatessen, Inc.*, 496 F.3d 229 (2d Cir. 2007), to support his contention that a

agree; the district court properly exercised its discretion when it denied Johnson's Rule 60(b) motion.

**C.    The District Court's Order Granting Sanctions**

Johnson also appeals from the district court's order imposing sanctions under Rule 11 or, alternatively, 28 U.S.C. § 1927.  We review a district court's sanctions order for abuse of discretion. *Gollomp v. Spitzer*, 568 F.3d 355, 368 (2d Cir. 2009).

Johnson's attorney contends that the court abused its discretion because the University failed to serve the sanctions motion twenty-one days before filing it, in violation of Rule 11(c)(2)'s safe-harbor provision. The University argues that it substantially complied with the safe-harbor provision by delineating Appellant-counsel's sanctionable conduct in its opposition to Johnson's motion for leave to amend.  Because we hold that the district court properly exercised its discretion to sanction pursuant to § 1927, we need not reach the court's alternate Rule 11

district court must grant a motion for leave to amend when the plaintiff can also amend as of right.  *Kassner* does not stand for the broad proposition that Johnson asserts.  Rather, *Kassner* states that a plaintiff's right to amend as a matter of course "is subject to the district court's discretion to limit the time [to amend] the pleadings in a scheduling order issued under Rule 16(b)." *Id.* at 244.

sanctions ruling.

A court may award § 1927 sanctions only "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose." *Gollomp*, 568 F.3d at 368. In addition, the court must find bad faith and must provide the attorney notice and an opportunity to be heard. *Id.*

Here, after a hearing on the University's sanctions motion, the district court found that Johnson's attorney pursued claims she knew had no basis in law or fact. The court focused on counsel's repeated allegations that the University made an unsolicited, libelous statement about Johnson to the Delaware State Medical Board when, in fact, Johnson's attorney requested and authorized the release of the allegedly libelous statement. We hold that the district court's decision was reasonable and not an abuse of discretion.

### III. Conclusion

For the above stated reasons, we **DISMISS** the appeal from the judgment and order dismissing the complaint and denying leave to amend. We **AFFIRM** the orders denying Rule

60(b)(1) relief and sanctioning Johnson's attorney pursuant to § 1927.