11-4658-cv
*Ayazi v. United Federation of Teachers Local 2*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of November, two thousand twelve.

PRESENT:

> PIERRE N. LEVAL,
> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARYAM AYAZI,

> *Appellant,*

> -v.-                                                                         No. 11-4658-cv

UNITED FEDERATION OF TEACHERS LOCAL 2,

> *Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR APPELLANT:**          MARYAM AYAZI, *pro se*, Elmhurst, NY.

**FOR APPELLEE:**          RICHARD E. CASAGRANDE (Jennifer N. Coffey, *of counsel*), United Federation of Teachers, Latham, NY.

Appeal from the October 11, 2011 judgment of the United States District Court for the Eastern District of New York (Cheryl L. Pollak, *Magistrate Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 11, 2011 judgment of the District Court be **AFFIRMED**.

Plaintiff Maryam Ayazi, *pro se*, appeals from the October 11, 2011 judgment of the District Court. On appeal, Ayazi challenges three separate orders entered by the magistrate judge: (1) a March 2011 order awarding summary judgment to Ayazi's union, the United Federation of Teachers ("UFT"), in her discrimination action brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq*.; (2) an October 2011 pre-judgment order denying Ayazi's motion for reconsideration pursuant to Local Rule 6.3 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Rule 6.3"); and (3) a July 2012 order denying Ayazi's post-judgment motion to vacate the judgment pursuant to Fed. R. Civ. P. 60(b)(1) and (b)(5). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

### A.     Summary Judgment

"We review de novo a district court's grant or denial of summary judgment, viewing the record in the light most favorable to the party against whom summary judgment is sought." *Mullins v. City of New York*, 653 F.3d 104, 113 (2d Cir. 2011). Having conducted a *de novo* review of the record in light of the above standards, we now affirm the District Court's order granting summary judgment, substantially for the reasons set forth by the magistrate judge in her thorough and well-reasoned March 14, 2011 memorandum decision and order.

Ayazi's principal argument on appeal seems to be that summary judgment was improper because the District Court relied on a letter which was submitted as an exhibit by the UFT, but which was not actually cited in the UFT's statement filed pursuant Local Rule 56.1(d) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, or named in the UFT's list of exhibits annexed to its Rule 56.1 statement. Ayazi's claim is unpersuasive. First, when assessing a summary judgment motion, a District Court "may consider other materials in the record." Fed. R. Civ. P. 56(c)(3). Thus, there was no error in the magistrate judge considering and relying on evidence not specifically cited by the UFT in its Local Rule 56.1 statement. Second, even if a party fails properly to support an assertion of fact, a district court may nonetheless grant summary judgment where, as here, "the motion and supporting materials . . . show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

Ayazi's remaining arguments are similarly without merit and may be rejected substantially for the reasons set forth by the magistrate judge.

### B.     Motion for Reconsideration and Motion to Vacate

We review the denial of Rule 60(b) motions and reconsideration motions for abuse of discretion. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011). "A court abuses its

discretion when (1) its decision rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions." *Id.* A motion for reconsideration is justified only where the defendant identifies "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (quotation marks and citation omitted).

We identify no abuse of discretion in the District Court's denial of Ayazi's Rule 6.3 motion for reconsideration and therefore affirm that order substantially for the reasons stated by the magistrate judge in her exhaustive October 7, 2011 memorandum and order. We also affirm the magistrate judge's denial of Ayazi's post-judgment Rule 60(b) motion, as that motion merely represented an attempt to relitigate issues already decided by the magistrate judge in her orders of March and October 2011. *See Fleming v. New York Univ.,* 865 F.2d 478, 484 (2d Cir. 1989).

## CONCLUSION

We have reviewed all of Ayazi's remaining arguments and find them to be without merit. Therefore, we **AFFIRM** the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court