Whitaker v. New York University

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of November, two thousand thirteen.

PRESENT:
> DENNIS JACOBS,
> BARRINGTON D. PARKER,
> DENNY CHIN,
> > *Circuit Judges.*

_____

Barbara Whitaker,

> > *Plaintiff-Appellant*,
> > v.                                                          12-3146

New York University,

> > *Defendant-Appellee.**

_____

| FOR PLAINTIFF-APPELLANT: | Barbara Whitaker, *pro se*, New York, NY. |
|---|---|
| FOR DEFENDANT-APPELLEE: | Nancy Kilson, Associate General Counsel, for Bonnie Brier, General Counsel, New York University, New York, NY. |

---

* The Clerk of the Court is directed to amend the caption to read as shown above.

Appeal from an order of the United States District Court for the Southern District of New York (Swain, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Barbara Whitaker, *pro se*, appeals from a June 20, 2012 district court order denying her post-judgment motion, filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, for relief from the July 2011 summary judgment in favor of New York University. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review the denial of a Rule 60(b) motion for abuse of discretion. *See Johnson ex rel. United States v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011). "A court abuses its discretion when . . . its decision [(1)]rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within the range of permissible decisions." *Id.*

Rule 60(b) is "a mechanism for 'extraordinary judicial relief invoked only if the moving party demonstrates 'exceptional circumstances,'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Paddington Partners v. Bourchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)), and a Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided. *See Zerman v. Jacobs*, 751 F.2d 82, 85 (2d Cir. 1984) (dismissing as frivolous an appeal from the denial of a Rule 60(b) motion, where the appellant "continue[d] to relitigate the same issue that the district court [previously] decided"). Rule 60(b)(2) allows for relief from judgment based on "newly discovered evidence" that could not have been discovered earlier "with reasonable diligence." Fed. R. Civ. P. 60(b)(2); *see Boule v. Hutton*, 328 F.3d 84, 95 (2d

Cir. 2003). Rule 60(b)(6) authorizes a district court to grant relief to a moving party for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Rule 60(b)(6) relief is only available if Rules 60(b)(1) through (5) do not apply . . . ." *ISC Holding AG v. Nobel Biocare Finance AG*, 688 F.3d 98, 109 (2d Cir. 2012).

Upon review of the record and case law, we conclude that the district court did not abuse its discretion in denying Whitaker's Rule 60(b) motion. We affirm for substantially the same reasons stated in the district court's thorough and well-reasoned June 20, 2012 order. The evidence proffered in support of Whitaker's Rule 60(b) motion was clearly available when Whitaker filed her counseled opposition to summary judgment, and therefore was not "newly discovered." *See* Fed. R. Civ. P. 60(b)(2); *accord Boule*, 328 F.3d at 95. Similarly, in deciding whether to grant summary judgment, the district court was not required to consider evidence not made part of the record. Fed. R. Civ. P. 56(c)(1) (stating that a party may support its position that material facts are in dispute by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, . . . or other materials"); *see also* Fed. R. Civ. P. 56, advisory committee's notes (2010 amends.) ("Materials that are not yet in the record . . . must be placed in the record.").

We have considered all of Whitaker's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3