*Porter v. Sauve*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of July, two thousand fifteen.

PRESENT:    JOSÉ A. CABRANES,
            DEBRA ANN LIVINGSTON,
            CHRISTOPHER F. DRONEY,
                    *Circuit Judges.*

---

LARRY PORTER,

     *Plaintiff-Appellant*,

         v.

SHEILA SAUVE, CHERIE FAIRCHILD, CANDY ATKINSON, NANCY SMITH, AMBER LASHWAY, ERIC FACTEAU, JEREMY MCGAW, TREVOR DUNNING, JAMES BARSE, JAMES SORRELL, RICHARD RAKOCE, STEVE SALLS, THOMAS QUINN, MICHAEL SHEAHAN, STEVEN BULLIS, JOSEPH BELLNIER, DAVID ROCK, LESTER WRIGHT, CARL KOENIGSMANN, NORMAN BEZIO, VERNON FONDA, DONALD SELSKY, BRIAN FISCHER,

     *Defendants-Appellees.*

No. 14-230

---

**FOR PLAINTIFF-APPELLANT:**    Larry Porter, *pro se*, Comstock, NY.

**FOR DEFENDANTS-APPELLEES:**    No appearance.

Appeal from an order of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court is **AFFIRMED**.

Appellant Larry Porter, proceeding *pro se*, appeals the district court's order denying without prejudice his motion to "reopen" the court's dismissal of his underlying action for his failure to pay the filing fee, which the district court construed as a motion for relief from the final judgment pursuant to Fed. R. Civ. P. 60(b). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We have jurisdiction to review only the denial of the Rule 60(b) motion and not the underlying final judgment dismissing the action for failure to pay the filing fee. *See "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 121 n.5 (2d Cir. 2008). We review that denial for abuse of discretion. *See Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). A court abuses its discretion when its decision (1) "rests on an error of law or a clearly erroneous factual finding;" or (2) "cannot be found within the range of permissible decisions." *Johnson ex rel. United States v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011).

Here, the district court's denial of the motion to reopen was not an abuse of discretion. Porter argues here, as he did before the district court, that ongoing Supreme Court proceedings may affect his entitlement to *in forma pauperis* ("IFP") status, and further alleges that the Supreme Court has improperly refused to accept his submissions. The district court reasonably determined that this argument implicates Rule 60(b)(1), which allows relief from the final judgment on the basis of a "mistake." The argument is, however, contradicted by the factual record. At the time the district court denied Porter's motion, the Supreme Court's public docket showed no subsequent filings after its denial of Porter's petition for a writ of certiorari, and this remains true. *See Porter v. Sauve*, No. 12-6804. Thus, the district court did not abuse its discretion in denying Porter's motion: Porter had neither paid the filing fee nor shown that any proceedings were pending in the Supreme Court that might affect the district court's order denying him IFP status.

Though outside the scope of this appeal, we parenthetically note that, by later paying the requisite filing fee, Porter has since cured the defect for which the district court dismissed his underlying complaint. As that dismissal was without prejudice, Porter may seek recourse before the district court.

2

We have considered Porter's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk