14-1705 (L)
Roistacher v. Bondi

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand fifteen.

PRESENT: GERARD E. LYNCH,
SUSAN L. CARNEY,
*Circuit Judges*,
VICTOR A. BOLDEN,
*District Judge*.[*]

_____

ROBERT E. ROISTACHER,
*Plaintiff-Appellant-Cross-Appellee*,

v.                                                     No.     14-1705(L)
                                                                14-1810(XAP)

ANDRE BONDI, Ancillary Administrator of the Estate of Lea Bondi Jaray and personally, and EDITH SOUTHWELL, Domiciliary Administratrix of the Estate of Lea Bondi Jaray,
*Defendants-Appellees-Cross-Appellants*.

_____

APPEARING FOR APPELLANT:        ROBERT E. ROISTACHER, pro se, New York, New York.

APPEARING FOR APPELLEES:        DEAN R. NICYPER, Withers Bergman LLP, New York, New York.

---

[*] The Honorable Victor A. Bolden, of the United States District Court for the District of Connecticut, sitting by designation.

Appeal from the United States District Court for the Southern District of New York (Katherine B. Forrest, *J.*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the appeal in No. 14-1705 is DISMISSED as untimely insofar as it challenges the underlying judgment of the district court. Insofar as appellant challenges the district court's order denying reconsideration, the order of the district court is REVERSED, and the case is REMANDED to the district court with instructions to GRANT the motion for reconsideration, VACATE the judgment dismissing the complaint for lack of jurisdiction, and enter judgment for the defendants on the merits. The appellees' cross-appeal, No. 14-1810, is DISMISSED as untimely.

Plaintiff-appellant Robert E. Roistacher, proceeding *pro se*, appeals from (1) a judgment dismissing his case for lack of subject-matter jurisdiction and purporting, "to the extent it is determined that [the district court] has subject-matter jurisdiction," to grant summary judgment to defendants-appellees Andre Bondi and Edith Southwell; and (2) the district court's denial of his motion to reconsider that judgment. He challenges the district court's rulings on subject-matter jurisdiction and on the merits of his claims. The defendants cross-appeal from the district court's determination that it lacked subject-matter jurisdiction. We assume the parties' familiarity with the underlying facts and procedural history of this case, as well as with the issues on appeal.

Roistacher's appeal is untimely with respect to the underlying district court judgment. A notice of appeal must be filed within 30 days of the entry of the judgment.

2

Fed. R. App. P. 4(a)(1)(A). If a party timely moves to alter or amend the judgment under Fed. R. Civ. P. 59(e), the time to file an appeal from the underlying judgment runs from the entry of the order disposing of the motion. Fed. R. App. P. 4(a)(4)(A)(iv). An untimely Rule 59(e) motion does not have that effect. Lichtenberg v. Besicorp Grp. Inc., 204 F.3d 397, 401 (2d Cir. 2000). A Rule 59(e) motion must be filed within 28 days after the entry of the judgment, Fed R. Civ. P. 59(e), and a district court may not extend the time to file such a motion. Fed. R. Civ. P. 6(b)(2).

Here, Roistacher sought and was granted an extension of time to file a motion for reconsideration under Local Rule 6.3 of the Southern District of New York. Such motions, when timely made, are treated as motions under Rule 59(e) for the purposes of tolling the time to file an appeal. United States ex rel. McAllan v. City of New York, 248 F.3d 48, 52 (2d Cir. 2001). But the district court's extension of Roistacher's time to file under Local Rule 6.3 was ineffective to extend his time to file under Rule 59(e), because such extensions are expressly prohibited. Fed. R. Civ. P. 6(b)(2). Roistacher's motion to reconsider was thus untimely under Rule 59(e) and did not toll the time to appeal from the judgment. See Lichtenberg, 204 F.3d at 401. Accordingly, we lack jurisdiction over his appeal from the underlying judgment and dismiss that appeal as untimely.

The defendants' cross-appeal, No. 14-1810, is also untimely. A cross-appeal may be filed within 30 days of the entry of the judgment or within 14 days of the *timely* filing of the first notice of appeal by another party, whichever period ends later. Fed. R. App. P. 4(a)(1)(A) & 4(a)(3). The cross-appeal was not filed within 30 days of the entry of

judgment.  Although the cross-appeal was filed within 14 days of Roistacher's notice of appeal, Roistacher's notice was itself untimely.  Accordingly, so was the cross-appeal, which therefore must be dismissed.

Roistacher's appeal is timely, however, to the extent it challenges the district court's denial of his motion for reconsideration, which we review for abuse of discretion. Ayazi v. United Fed'n of Teachers Local 2, 487 F. App'x 680, 681 (2d Cir. 2012).  "A court abuses its discretion when (1) its decision rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within a range of permissible decisions." Padilla v. Maersk Line, Ltd., 721 F.3d 77, 83 (2d Cir. 2013), quoting Johnson ex rel. United States v. Univ. of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011).

The district court determined *sua sponte* that this case fell within the "probate exception" to the federal courts' subject-matter jurisdiction.  That determination was wrong, and the district court's denial of reconsideration thus rested on an error of law. "[S]o long as a plaintiff is not seeking to have the federal court administer a probate matter or exercise control over a res in the custody of a state court," Lefkowitz v. Bank of N.Y., 528 F.3d 102, 106 (2d Cir. 2007), the probate exception does not apply.  Here, Roistacher is not a beneficiary of the Bondi estate and does not seek to "administer an estate, probate a will, or do any other purely probate matter." Id. (alterations and ellipses omitted), quoting Marshall v. Marshall, 547 U.S. 293, 312 (2006).  Nor does he seek disgorgement of funds in the Bondi estate; rather, he seeks an *in personam* damages award against the estate.  The district court thus abused its discretion by denying reconsideration of the judgment dismissing the case for lack of subject-matter

4

jurisdiction, and accordingly, that judgment must be vacated.

Further, the portion of the judgment purporting to grant summary judgment to the defendants must be vacated as well. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514 (1868). See also Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 101 (1998) ("[A] court . . . resolv[ing] contested questions of law when its jurisdiction is in doubt . . . produces nothing more than a hypothetical judgment – which comes to the same thing as an advisory opinion, disapproved by this Court from the beginning."). Having determined that it lacked subject-matter jurisdiction, the district court's subsequent consideration of the merits of Roistacher's claims was thus a nullity. We therefore cannot simply affirm the judgment's dismissal, in the alternative, of the case on the merits. The only effective part of the judgment below was the dismissal for lack of subject-matter jurisdiction, which, as we have explained, was erroneous.

There is nevertheless no need for the district court on remand to consider those merits anew. Normally, we do not decide cases on the merits in the first instance, but we may do so "if we find that a party must prevail as a matter of law." Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Trust Co., 93 F.3d 1064, 1072 (2d Cir. 1996). Further, we have the benefit in this case of the district court's views and of briefing by the parties. On the merits, we agree with the district court. Roistacher's unjust enrichment claim – more properly denominated a *quantum meruit* claim – fails because no reasonable juror

5

could believe, on the basis of the record before us, that the heirs who allegedly promised Roistacher compensation had the authority to bind the Bondi estate.  See, e.g., In re Bigler's Estate, 35 N.Y.S.2d 658 (N.Y. Sur. Ct. 1942) (relative who was not a fiduciary had no authority to bind the estate for funeral expenses).  The claims dismissed by the district court at the pleading stage, for breach of contract and breach of fiduciary duty, also fail, because Roistacher did not plead the existence of a contractual or fiduciary relationship between him and the defendants.

We have considered all of Roistacher's remaining arguments and find them to be without merit.  For the foregoing reasons the case is REMANDED with instructions to VACATE the judgment dismissing the complaint for lack of jurisdiction and to enter judgment in favor of the defendants.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court