Pelczar v. Pelczar

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge,*
> BARRINGTON D. PARKER,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

James F. Pelczar,

> *Plaintiff-Appellant*,

> v.                                                                20-594

Doreen Pelczar, Peter V. Maimone, Esq., Albert Maimone & Associates, P.C.,

> *Defendants-Appellees*.

_____


FOR PLAINTIFF-APPELLANT:                      James F. Pelczar, pro se, New Port Richey, FL.


FOR DEFENDANT-APPELLEE DOREEN PELCZAR:        Max D. Leifer, New York, NY.

1

**FOR DEFENDANT-APPELLEES PETER V. MAIMONE
  AND ALBERT MAIMONE & ASSOCIATES, P.C.:**     Peter Vito Maimone, Esq.,
                                                 College Point, NY.

Appeal from orders of the United States District Court for the Eastern District of New York (Donnelly, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED IN PART**, **VACATED IN PART**, and **REMANDED** for further proceedings consistent with this order.

Appellant James Pelczar, proceeding *pro se*, appeals the district court's orders dismissing his complaint for lack of subject-matter jurisdiction and denying reconsideration of that dismissal.[1] Pelczar sued Doreen Pelczar, who is his sister, Peter V. Maimone, an attorney, and Maimone's law firm, alleging that the defendants committed fraud in the course of transferring a house previously owned by his parents to his sister in the course of executing their father's will. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.    The Dismissal for Lack of Subject-Matter Jurisdiction[2]

---

[1] Pelczar also requests that we take judicial notice of various documents. Because some of these documents are already in the record and the remainder of these documents are not relevant to our review of the district court's orders, these motions are DENIED. *See* Fed. R. App. P. 10(e)(2); *Leibowitz v. Cornell Univ.*, 445 F.3d 586, 592 n.4 (2d Cir. 2006) (declining to supplement the record in the absence of "evidence of an erroneous or accidental omission of material evidence").

[2] We have jurisdiction to consider the order dismissing Pelczar's complaint, despite his statement in his notice of appeal that he was appealing the denial of his motion for reconsideration, because the reconsideration motion was timely filed and reiterated his prior arguments. *See "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 121–22 (2d Cir. 2008) (holding that an appeal from an order denying a reconsideration motion—timely filed under Rule 4(a)(4)—"suffices to bring up for review the underlying order or judgment, at least where the motion renews arguments previously made"); *see also Meilleur v. Strong*, 682 F.3d 56, 60 (2d Cir. 2012) ("We 'construe

In the context of a dismissal for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), we review the district court's factual findings for clear error and its legal conclusions *de novo*. *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Id.* Here, Pelczar satisfied the requirements for diversity jurisdiction.

However, even when diversity jurisdiction is present, federal courts lack jurisdiction under the "probate exception" where a complaint seeks to (1) "administer an estate, probate a will, or do any other purely probate matter" or (2) "to reach a res in the custody of a state court." *Lefkowitz v. Bank of N.Y.*, 528 F.3d 102, 106 (2d Cir. 2007) (internal quotation marks, alterations, and emphasis omitted). The probate exception does not apply to actions that, although "intertwine[d]" with the probate action, "seek[] damages from Defendants personally rather than assets or distributions from [the] estate." *Id.* at 107–08 (holding plaintiff's breach of fiduciary duty, fraudulent misrepresentation, and fraudulent concealment claims were not barred under the probate exception). But it does bar an action, even if presented as a claim seeking damages from a defendant personally, if it "seeks, in essence, disgorgement of [estate property] that remain[s] under control of the Probate Court" and if its resolution would require "the federal court . . . to assert control over [that] property." *Id.* at 107.

The gravamen of both causes of action in Pelczar's complaint was that the defendants committed fraud by presenting the trust property as estate property when completing the executor's deed, either because an attorney did not sign it, or because there was no court order transferring

notices of appeal liberally, taking the parties' intentions into account'" (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 256 (2d Cir. 1995))).

3

the trust property to the estate. To the extent that he sought relief in the form of orders transferring the house to himself, Pelczar's complaint sought to reach a *res* over which the Surrogate's Court exercised custody and control.[3] This claim thus falls within the probate exception to federal jurisdiction and was properly dismissed by the district court.[4]

But the complaint also sought damages from the defendants for the alleged fraud. While adjudication of the claim for damages might require a federal court to determine that the Surrogate's Court committed an error in administering the estate, it neither requires the federal court to directly administer the estate, nor to exercise jurisdiction over estate property under the Surrogate's Court's control. Accordingly, Pelczar's damages claim is not within the scope of the probate exception, and the district court erred in dismissing it on that basis. *See id.* at 107–08 (holding that claims for disgorgement of funds under control of state probate court were barred by probate exception, but those claims seeking *in personam* judgments for various torts were not, despite being "intertwine[d] with claims proceeding in state [probate] court").

---

[3] Pelczar alleged that the probate proceedings were ongoing at the time he filed his complaint, and he has never argued otherwise. We therefore decline to consider whether the probate exception was inapplicable because the state court was no longer exercising custody or control over the *res* of the estate. *See LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*."). Even if the probate proceedings had concluded, we conclude that the district court would have lacked subject-matter jurisdiction over this claim under the *Rooker-Feldman* doctrine. *See Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014) ("Under the *Rooker-Feldman* doctrine, federal district courts lack jurisdiction over cases that essentially amount to appeals of state court judgments.").

[4] To the extent Pelczar argues that this claim falls outside the exception because the house should never have been taken into the estate, he misunderstands the scope of the probate exception. That doctrine prohibits federal courts from adjudicating claims relating to property over which a probate court has assumed jurisdiction, regardless of whether that assumption of jurisdiction was proper.

4

**II.     The Reconsideration Motion**

We review the denial of a motion for reconsideration for abuse of discretion. *See Molchatsky v. United States*, 713 F.3d 159, 162–63 (2d Cir. 2013) (Rule 60(b) reconsideration); *Munafo v. Metro. Transp. Auth.*, 381 F.3d 99, 105 (2d Cir. 2004) (Rule 59(e) reconsideration).   A court abuses its discretion "when (1) its decision rests on an error of law or a clearly erroneous factual finding; or (2) cannot be found within a range of permissible decisions." *Johnson ex rel. United States v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 125 (2d Cir. 2011).

The standard for granting a motion for reconsideration is "strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).   A motion to reconsider "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.*   Moreover, Rule 60(b) is "a mechanism for 'extraordinary judicial relief' invoked only if the moving party demonstrates 'exceptional circumstances.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)).

Here, the district court erred in denying reconsideration of its dismissal of Pelczar's claim for damages because, as discussed above, that decision rested on an error of law.   As to his remaining claim seeking an order granting him title to the house, the district court properly denied reconsideration.   Pelczar principally reiterated his prior argument that the house was not estate property because his father relinquished it to the trust, and his remaining arguments were not relevant to the issue of subject-matter jurisdiction.   Any error in failing to evaluate Pelczar's

5

motion under a Rule 60(b) standard was harmless because, contrary to Pelczar's argument on appeal, his motion did not establish "extraordinary circumstances."[5]

We have considered all of Pelczar's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM IN PART** and **VACATE IN PART** the orders of the district court and **REMAND** for further proceedings consistent with this order. We **DENY** Pelczar's motions for judicial notice.

<div style="margin-left:40%">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>

---

[5] We decline to consider Pelczar's claims for breach of fiduciary duty and violations of the New York Rules of Professional Conduct because they are raised for the first time on appeal. *See Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal.").