Charles FEDERMAN, Derivatively on Behalf of Nominal Defendant, Plaintiff,

Bert Vladimir and Irving Rosenzweig, Movants,

Ranger Governance, Ltd., derivatively on behalf of Computer Associates International, Inc., Movant–Appellant–Cross–Appellee

v.

Russell M. ARTZT, William F.P. de Vogel, Richard Grasso, Lewis S. Ranieri, Alfonse M. D'Amato, Shirley Strum Kenny, Sanjay Kumar, Roel Pieper, and Charles B. Wang, Defendants–Appellees–Cross Appellees,

Computer Associates International, Inc., Defendant–Appellee–Cross Appellant,

Special Litigation Committee of the Board of Directors of Computer Associates International, Inc., Respondent.

Sam Wyly, and Other Wyly Movants, Movants–Appellants,

v.

Computer Associates International, Inc., Charles B. Wang, Sanjay Kumar, and Russell M. Artzt, Defendants–Appellees,

Andrew L. Barroway, on behalf of himself and others similarly situated, Plaintiffs' Co–Lead Counsel, Plaintiffs,

Steven Sinsheimer, on behalf of himself and all others similarly situated, Felix Glaubach, on behalf of himself and all others similarly situated, Jerry Wehmhoefer, on behalf of himself and all others similarly situated, John J. Greco, on behalf of himself and all others similarly situated, Lillian Herschkowitz, and Bruce Montague, Consolidated–Plaintiffs,

Ira H. Zar, Alfonse M. D'Amato, Jay W. Lorsch, Lewis S. Ranieri, and Walter P. Schuetze, Defendants,

Seymore Pienkny, Special Litigation Committee of the Board of Directors, Respondents.

Wyly Movants, Movants–Appellants,

v.

Sanjay Kumar and Charles B. Wang, Defendants–Appellees,

Russell M. Artzt, William F.P. de Vogel, Richard Grasso, Lewis S. Ranieri, Alfonse M. D'Amato, Shirley Strum Kenny, and Roel Pieper, Defendants,

Special Litigation Committee of the Board of Directors of Computer Associates International Inc., Respondent.

Nos. 07–3673–cv (L), 07–4022–cv (CON), 07–4904–cv (XAP), 07–3675–cv (L), 07–4020–cv (CON), 07–3674–cv (L), 07–4024–cv (CON).

United States Court of Appeals, Second Circuit.

July 23, 2009.

James S. Renard, Bickel & Brewer (William A. Brewer III, Luke A. McGrath, of counsel), New York, NY, for Appellant.

David B. Tulchin, Sullivan & Cromwell LLP (Tracy Richelle High, William B. Monahan, of counsel), New York, NY, for Appellee, Computer Associates International, Inc.

Linda T. Coberly, Winston & Strawn LLP (Vincent A. Sama, Adam J. Schlatner, Kara L. Gorycki, Ari E. Waldman, of counsel), Chicago IL and New York, NY, for Appellee, Charles B. Wang.

Lawrence O. Kamin, Willkie Farr & Gallagher LLP (Deirdre N. Hykal, David A. Benner, of counsel), New York, NY, for Appellees, Willem F.P. de Vogel, Shirley Strum Kenny, and Roel Pieper.

William P. Ashworth, Williams & Connolly LLP (Steven M. Farina, of counsel), Washington, DC, for Appellee, Richard Grasso.

Lewis J. Liman, Cleary Gottlieb Steen & Hamilton LLP, New York, NY, for Appel-

lees, Alfonse M. D'Amato, Lewis S. Rani-eri, and Walter P. Schuetze.

PRESENT: WALKER, and ROBERT D. SACK, Circuit Judges, and JOHN G. KOELTL,[*] District Judge.

### SUMMARY ORDER

The appellants appeal from the district court's denial of their motions for relief pursuant to Federal Rule of Civil Procedure 60(b). Computer Associates International, Inc. ("Computer Associates") cross-appeals from the district court's denial of its motion to clarify or amend its August 2, 2007, 2007 WL 2261683, order. We assume the parties' familiarity with the underlying facts and procedural history of the cases, and the issues on appeal.

All three of the appeals before us involve Rule 60(b) motions for relief from a 2003 global settlement of the present litigation that, *inter alia*, barred Computer Associates and its shareholders from thereafter bringing lawsuits against the company and specified executives it employs or employed. This global settlement also resulted in the dismissal of two sets of class actions, captioned here as *Barroway v. Computer Associates* and *In re: Computer Associates 2002*, and one derivative suit, *Federman v. Artzt*. The district court correctly denied the Rule 60(b) motions in all of the cases.

The parties that moved for Rule 60(b) relief and who appeal the denial of that relief are: Ranger Governance, Ltd. ("Ranger"), which filed a motion for Rule 60(b) relief in *Federman;* Sam Wyly, who filed a motion for Rule 60(b) relief in *Barroway;* and a group of Computer Associates shareholders known as the "Wyly Movants," who filed a motion for Rule 60(b) relief in *In re: Computer Associates.* All of these movants were Computer Asso-

ciates shareholders at the time of the global settlement, and each has brought suit to seek damages against Computer Associates and several of its officers: Ranger in the derivative action *Ranger Governance v. Vogel, et al.,* Wyly in the individual action *Wyly v. Wang, et al.,* and the Wyly Movants in the individual action *Wyly Movants v. Wang, et al.* The ability of the plaintiffs to maintain these suits is arguably barred by the global settlement.

The parties therefore moved for relief under Federal Rule of Civil Procedure 60(b), which provides: "On motion and just terms, the court may relieve *a party or its legal representative* from a final judgment, order, or proceeding" for certain enumerated reasons. (Emphasis added.) None of the movants was a party to an underlying lawsuit in which he or it filed such a motion. Although Ranger had brought its own derivative lawsuit, it was not a party to the *Federman* suit in which it filed its Rule 60(b) motion. And while Wyly and the Wyly Movants were Computer Associates shareholders at the time of the global settlement and were therefore absent class members in the class actions in which they filed their Rule 60(b) motions, neither Wyly nor the Wyly Movants was a party to those underlying class actions for the purposes of Rule 60(b). *See In re Four Seasons Secs. Laws Litig.,* 525 F.2d 500, 504 (10th Cir.1975) (concluding that class member who was absent during the settlement proceedings is not a "party" to "object to the nature or adequacy of the settlement ... under Rule 60(b)" (internal quotation marks omitted)).

Although Rule 60(b) relief is "not ordinarily ... available to non-parties," we have allowed non-parties to bring Rule 60(b) motions when "on the facts of th[e] case appellants were sufficiently connected and identified with the ... suit to entitle

---

[*] The Honorable John G. Koeltl, District Judge of the United States District Court for the Southern District of New York, sitting by designation.

them to standing to invoke [the Rule]." *Dunlop v. Pan Am. World Airways, Inc.,* 672 F.2d 1044, 1052 (2d Cir.1982); *see Grace v. Bank Leumi Trust Co. of N.Y.,* 443 F.3d 180, 188 (2d Cir.2006)("Today, as in Dunlop, we limit our decision to the facts of this case."). Both *Dunlop* and *Grace* involved extraordinary circumstances in which a non-party had interests on which the outcome of the proceedings had significant consequences for the movants, yet those interests had not been adequately represented during litigation, because of the peculiar structure of each case.

There is nothing similarly extraordinary about the situation before us. Ranger, though a shareholder, was not individually involved in the *Federman* derivative lawsuit. Nor did its interests differ from other shareholders such that they were not adequately represented. Wyly and the Wyly Movants were involved in the class actions only as shareholders who had not filed a timely objection to the settlement of those actions—they were not lead plaintiffs in those class actions, and the lead plaintiffs have declined to seek Rule 60(b) relief. "[T]he main purpose of having a lead plaintiff [is] to empower one or several investors with a major stake in the litigation to exercise control over the litigation as a whole. The only other possibility—that the court should cobble together a lead plaintiff group that has standing to sue on all possible causes of action—has been rejected repeatedly by courts in this Circuit." *Hevesi v. Citigroup Inc.,* 366 F.3d 70, 83 n. 13 (2d Cir.2004) (citation and internal quotation marks omitted). We therefore decline to expand the narrow exception to the general rule that non-parties cannot bring Rule 60(b) motions to cover the case before us.

We do not reach the grounds upon which the district court dismissed the Rule 60(b) motions in these cases, because we thus conclude that the moving parties lacked standing to bring those motions. *Cf. ACEquip Ltd. v. Am. Eng'g Corp.,* 315 F.3d 151, 155 (2d Cir.2003) ("Our court may, of course, affirm the district court's judgment on any ground appearing in the record, even if the ground is different from the one relied on by the district court.").

Ranger appears to assert that as a plaintiff in the derivative suit, *Ranger Governance v. Vogel, et al.,* it has an independent source of standing in Federal Rule of Civil Procedure 23.1, which governs the conditions under which a "shareholder[ ] ... [may] bring a derivative action to enforce a right that the corporation or association may properly assert but has failed to enforce." But while *Ranger* might have had standing under Rule 23.1 to bring its own derivative action seeking damages against Computer Associates, the question before us is whether Ranger has standing to bring a Rule 60(b) motion in *Federman,* a suit to which Ranger was not a party. For the above-stated reasons, we conclude that it does not.

The district court denied the Special Litigation Committee's ("SLC") motion under Federal Rule of Civil Procedure 59(e) asking the court to make clear that its August 2 order "did not adversely affect [Computer Associates's] ability to overturn the release," or, "[i]n the alternative ... to amend the Order to make clear that a motion served by the company seeking to overturn the release would 'relate back' to the shareholders' motions to that effect." Br. of Appellee and Cross–Appellant Computer Associates, Inc., No. 07–3673–cv, at 24–25. Computer Associates's motion, which was made in support of the SLC's motion, was also denied. "[D]istrict courts may alter or amend judgment to correct a clear error of law or prevent manifest injustice." *Munafo v. Metro. Transp. Auth.,* 381 F.3d 99, 105 (2d Cir.2004)(internal quotation marks omitted). "A district

court's denial of a party's motion to alter or amend judgment under Rule 59(e) is . . . reviewed for an abuse of discretion." *Id.*

Computer Associates's theory of "relating back" is, to the best our knowledge, a novel one. No clear principle of law was violated by the district court's refusal to grant it, nor does it result in manifest injustice. We therefore decline to overrule it as an abuse of the court's discretion.

We note, however, that the *Ranger* action remains pending. The district court has denied without prejudice, pending these appeals, Computer Associates's motion to realign itself as the plaintiff and dismiss various claims in that action. Nothing occurring in the *Ranger* action is currently before us—both Ranger's Rule 60(b) motion and Computer Associates' Rule 59(e) motion were made in the *Federman* action—and no action taken by the district court or by us, so far as we are aware, prevents Computer Associates from renewing its motion to realign or seeking to pursue a claim in that proceeding. If Computer Associates renews its motion to realign, the court should then consider the merits of permitting realignment and permitting the corporation to pursue or dismiss various claims, consistent with the best interests of the shareholders. *See Bluth v. Bellow,* 1987 WL 9369, 1987 Del. Ch. LEXIS 414 (Del. Ch.1987); *Zapata Corp. v. Maldonado,* 430 A.2d 779 (Del. 1981).

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED.