14-4371-cv
Baker v. Gates

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of December, two thousand fifteen.

PRESENT:  REENA RAGGI,
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

_____

PATRICK SCOTT BAKER, individually and as the personal representative of the Estate of David Baker, JERRY BAKER, individually and as the personal representative of the Estate of David Baker, LOIS BAKER, individually and as the personal representative of the Estate of David Baker, STACIE BAKER, individually and as the substitute executrix and successor in interest of the Estate of Scarlett Rogencamp, and as the executrix of the Estate of Hetty E. Peterson, VALERIE PETERSON, as executor of the estate of Vernon W. Peterson, PATRICIA A. HENRY, individually and as the substitute executrix and successor in interest of the Estate of Scarlett Rogencamp, and as the executrix of the Estate of Hetty E. Peterson, KATHARINE D. DORIS, PAUL G. PETERSON, MICHELLE Y. HOLBROOK, JACKIE

NINK PFLUG, RYLMA NINK, EUGENE NINK, GLORIA NINK, MARY NINK, SCOTT PFLUG,
  *Petitioners-Cross Defendants-Third-Party Defendants-Appellees,*

CRAIG BAKER, individually and as the personal representative of the Estate of David Baker,
  *Petitioner-Third-Party Defendant-Appellee*

  v.

No. 14-4371-cv

FRANCIS GATES, individually and as administrator for the Estate of Olin Eugene "Jack" Armstrong, PATI HENSLEY, SARA HENSLEY, JAN SMITH,
  *Third-Party Defendants-Cross Defendants-Appellants,*

NATIONAL BANK OF EGYPT, CITIBANK, N.A., INTESA SANPAULO S.P.A, COMMERZBANK AG,
  *Respondents,*

JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A.,
  *Respondents-Third-Party Plaintiffs,*

BANK OF NEW YORK MELLON,
  *Respondent-Third-Party Plaintiff-Counter Defendant,*

ESTATE OF JACK HENSLEY, BANCA UBAE, S.P.A., MSC MEDITERRANEAN SHIPPING COMPANY S.A., VANBREDA INTERNATIONAL, N.V., MEDITERRANEAN SHIPPING COMPANY (CYPRUS) LTD., LEBANON & GULF BANK, S.A.L., UNITED NATIONS ENVIRONMENT PROGRAMME TRUST FUND, COMMERCIAL BANK OF SYRIA, DEVELOPMENT OF

NATIONAL BIO-SAFETY, AYMAN KALAI, BLOM BANK S.A.L., INDUSTRIAL BANK OF KOREA, SEETECH CO., LTD., EBLA PETROLEUM COMPANY, BANK OF MONTREAL, LONKAR SERVICES LTD., SUNCOR ENERGY GERMANY GMBH, f.k.a. Petrocanada Germany Gmbh, HSBC TRINKAUS & BURKHARDT (INTERNATIONAL) SA, HSBC BANK USA, N.A., BUFFALO BRANCH, DOHA BANK PETRONASH FZE, STANDARD CHARTERED BANK, NEW YORK, ALTUWAIJRY BELAL ABDULLAHA, MINISTRY OF CULTURE, CENTRAL BANK OF SYRIA, ARAB LIBYAN MAURITANIAN BANK FOR TRADE & DEVELOPMENT, ARAB CULTURAL AND COMMUNITY CENTER, AL ALAMIAH EXCHANGE GROUP LTD., STANDARD CHARTERED BANK, SYRIATEL MOBILE TELECOM S.A., SYRIAN TELECOM & TECHNOLOGY, GENERAL PETROLEUM COMPANY, ESTATE OF JACK ARMSTRONG, NATIONAL BANK OF KUWAIT SAK, NATIONAL BANK OF KUWAIT, NEW YORK, A.H. ALSAGAR & BROS., CREDIT SUISSE, SWITZERLAND, RIYAD BANK, ABDULRAHMAN ABDULLAH AL ZAMIL, HSBC PRIVATE BANK SUISSE S.A., HONG KONG, REX BERNARD MARTIN, JR., BANK MUSCAT, ONIC HOLDING, AMWAL Q.S.C., ABN AMRO BANK N.V., NEW YORK, ABN AMRO BANK N.V., DUBAI, ABRAAJ GROUP, as successor to Abraaj Capital (Cayman) Limited, ABU DHABI COMMERCIAL BANK, P.J.S.C., MAJID AL FUTTAIM TRUST LLC, HSBC BANK MIDDLE EAST LIMITED, DUBAI, DUBAI INTERNATIONAL CAPITAL LLC, INHERITORS OF LATE ABDULAZIZ AL SAGAR, EMIRATES NBD, as successor to National Bank of Dubai, Ltd., AL FUTTAIM CAPITAL COMPANY, LLC, KHALID ABDULLA AL SAGAR CHAM HOLDING COMPANY S.A.L., NATIONAL BANK OF RAS AL KHAIMAH, TRIAD SOFTWARE SERVICES,

3

SYRIA DUTY FREE SHOPS, LEBANESE CANADIAN BANK, SAL, BLOM BANK S.A.L., CYPRUS, I.B.C.S. TRADING AND DISTRIBUTION CO. LTD., PUIG MIDDLE EAST FZCO, ARAB UNION REINSURANCE COMPANY, SUEZ CANAL INSURANCE COMPANY, SUEZ CANAL BANK, BYBLOS BANK S.A.L., UNION BANK OF INDIA, J.B. BODA REINSURANCE BROKERS PVT. LTD., SYRICAN ARAB AIRLINES, BRITISH ARAB COMMERCIAL BANK PLC, BANK OF IRELAND, SHANNONSIDE AVIATION SERVICES LTD.,

*Third-Party Defendants*,

FRONTIER OPPORTUNITIES FUND I, L.P., SHUAA CAPITAL PSC,

*Third-Party Defendants-Cross Claimants-Counter Claimants*.[*]

_____

| | |
|---|---|
| APPEARING FOR APPELLANTS: | JOHN F. SALTER, Barnes Law Group LLC, Marietta, Georgia (James P. Bonner, Stone Bonner & Rocco LLP, New York, New York, *on the brief*). |
| APPEARING FOR APPELLEES: | SANDRA CAVAZOS (Michael Dockterman, *on the brief*), Steptoe & Johnson LLP, New York, New York. |

Appeal from a judgment of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment deemed to have been entered on March 19, 2015, is AFFIRMED.[1]

Appellants, a group of default judgment creditors against the Syrian Arab Republic ("Syria") collectively referred to as the "Gates Plaintiffs," appeal from the denial of their motion to vacate a default judgment entered in favor of a different group of judgment creditors, collectively referred to as the "Baker Plaintiffs," against Syria.  See Fed. R. Civ. P. 60(b)(4).  "We review a district court's decision on a Rule 60(b) motion for abuse of discretion," Johnson ex rel. United States v. University of Rochester Med. Ctr., 642 F.3d 121, 125 (2d Cir. 2011), though the denial of a Rule 60(b)(4) motion challenging an underlying judgment as void is reviewed de novo, see Central Vt. Pub. Serv. Corp. v. Herbert, 341 F.3d 186, 189 (2d Cir. 2003).  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

The Gates Plaintiffs' default judgment arose out of the 2004 murders of U.S. civilian contractors Jack Armstrong and Jack Hensley by al-Qaeda in Iraq, for which a United States District Court for the District of Columbia found Syria liable to their estates and surviving family members in the amount of $412,909,587.  See Gates v. Syrian Arab

---

[1] Because the district court did not enter a separate judgment as required by Fed. R. Civ. P. 58(a), a judgment is deemed to have been entered 150 days after the October 20, 2014 entry of the district court's order denying appellants' motion and dismissing them from the action.  See Fed. R. Civ. P. 58(c)(2)(B); Fed. R. App. P. 4(a)(7)(A)(ii).

5

Republic, 580 F. Supp. 2d 53 (D.D.C. 2008). The Baker Plaintiffs' default judgment arose out of the 1985 hijacking of EgyptAir Flight 648 and the shooting of three Americans, one of whom—Scarlett Rogenkamp—was killed, and two of whom—Patrick Baker and Jackie Pflug—were grievously injured. See Baker v. Socialist People's Libyan Arab Jamahirya, 775 F. Supp. 2d 48 (D.D.C. 2011). Syria did not initially make an appearance in Baker, and default judgment in the amount of $601,969,151.50 was entered by a magistrate judge, to whom the case had been referred for all purposes. See App'x 140–41. Syria subsequently appeared in Baker to challenge the default on grounds that, inter alia, it had not consented to the exercise of jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c)(1). The magistrate judge rejected this argument, see Baker v. Socialist People's Libyan Arab Jamahirya, 810 F. Supp. 2d 90, 98–99 (D.D.C. 2011), and Syria, after initially appealing the default judgment, voluntarily dismissed its appeal, see Baker v. Qadhdhafi, No. 11-7034, 2011 WL 5515579 (D.C. Cir. Oct. 19, 2011).

The Baker Plaintiffs subsequently registered their judgment in the Southern District of New York and filed a turnover petition pursuant to Fed. R. Civ. P. 69 and N.Y. C.P.L.R. §§ 5225, 5227. Petition respondents JPMorgan Chase & Co. and Bank of New York Mellon interpleaded, inter alia, the Gates Plaintiffs, who unsuccessfully moved under Fed. R. Civ. P. 60(b)(4) in that action to vacate the Baker judgment as void.

We need not here decide the merits of the Gates Plaintiffs' challenge to the Baker judgment, because we conclude that the Gates Plaintiffs lacked standing to bring the Rule

6

60(b) motion. See Shumway v. United Parcel Serv., Inc., 118 F.3d 60, 63 (2d Cir. 1997) ("It is beyond cavil that an appellate court may affirm the judgment of the district court on any ground appearing in the record."). On its face, Rule 60(b) affords relief from judgment only to "a party or its legal representative." Fed. R. Civ. P. 60(b). Under certain circumstances, we have held that a nonparty "sufficiently connected and identified with" an action can obtain relief under Rule 60. Dunlop v. Pan Am. World Airways, Inc., 672 F.2d 1044, 1052 (2d Cir. 1982). The non-parties to whom we applied this conclusion in Dunlop were Pan Am employees suing the airline under state law. They made a Rule 60(b) motion to modify a stipulation of dismissal in a federal case between the Secretary of Labor and Pan Am to clarify that the dismissal did not preclude their state action. See id. at 1047–49. We held that "[a]lthough Rule 60(b)(6) would not ordinarily be available to non-parties to modify final judgments, . . . on the facts of this case appellants were sufficiently connected and identified with the Secretary's suit to entitle them to standing to invoke Rule 60(b)(6)." Id. at 1052 (emphasis added) (footnote omitted). We have on one other occasion extended Rule 60(b) to a non-party. In Grace v. Bank Leumi Trust Co. of New York, 443 F.3d 180 (2d Cir. 2006), we held that

> [W]here plaintiffs enter into a settlement agreement with a judgment-proof, pro se defendant with the intent at the time of the settlement to collect from a third party that allegedly received fraudulent conveyances, and further, they attempt to use the judgment as a predicate for a fraudulent conveyance action against the third party, the third party is "strongly affected" by the judgment and entitled to standing to bring a Rule 60(b) motion.

7

Id. at 188.   As in <u>Dunlop</u>, however, we limited the holding to the facts of the case.   <u>See</u> <u>id.</u>

These extensions of Rule 60(b) are so factually cabined that we have summarily refused to construe <u>Dunlop</u> or <u>Grace</u> to reach more broadly.   <u>See</u> <u>Federman v. Artzt</u>, 339 F. App'x 31, 34 (2d Cir. 2009) (summary order) ("Both <u>Dunlop</u> and <u>Grace</u> involved extraordinary circumstances in which a non-party had interests on which the outcome of the proceedings had significant consequences for the movants, yet those interests had not been adequately represented during litigation, because of the peculiar structure of each case.   There is nothing similarly extraordinary about the situation before us.").   Nothing about the instant situation is sufficiently extraordinary to warrant a different conclusion.

We have considered all of appellants' remaining arguments and conclude that they are without merit.   Accordingly, we AFFIRM the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court