# District of Columbia
# Court of Appeals

No. 14-CV-819

BRANDI NAVE,

Appellant/Cross-Appellee,



FILED
JUN - 9 2016
DISTRICT OF COLUMBIA
COURT OF APPEALS

v.

CAB-9433-12

HOWARD A. NEWMAN,

Appellee/Cross-Appellant,

and

No. 15-CV-143

IN RE HOWARD A. NEWMAN,                   CAB-2582-08

Appellant.

On Appeal from the Superior Court of the District of Columbia
Civil Division

BEFORE: THOMPSON and EASTERLY, *Associate Judges*; and FERREN, *Senior Judge*.

## J U D G M E N T

This case was submitted to the court on the transcript of record and the briefs filed, and without presentation of oral argument. On consideration whereof, and for the reasons set forth in the opinion filed this date, it is now hereby

ORDERED and ADJUDGED that the judgments of the trial court are affirmed in both matters.

For the Court:

JULIO A. CASTILLO
Clerk of the Court

Dated: June 9, 2016.

Opinion by Associate Judge Phyllis D. Thompson.

*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 14-CV-819

FILED 6/9/16
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

BRANDI NAVE, APPELLANT/CROSS-APPELLEE,

V.

HOWARD A. NEWMAN, APPELLEE/CROSS APPELLANT,

Appeal from the Superior Court
of the District of Columbia
(CAB-9433-12)

(Hon. Michael L. Rankin, Motions Judge)

and

No. 15-CV-143

IN RE HOWARD A. NEWMAN, APPELLANT.

Appeal from the Superior Court
of the District of Columbia
(CAB-2582-08)

(Hon. Judith N. Macaluso, Motions Judge)

(Submitted November 12, 2015                    Decided June 9, 2016)

*Stephen J. Stine* was on the brief for appellant/cross appellee.

*Howard A. Newman* was on the brief for appellee/cross appellant.

Before THOMPSON and EASTERLY, *Associate Judges*, and FERREN, *Senior Judge*.

THOMPSON, *Associate Judge*: Before us are appeals from Superior Court orders in two related actions. The first, a breach-of-contract action, proceeded before the Honorable Judith N. Macaluso, who, in the appealed-from rulings, declined to alter or strike certain language she had used in an order denying a motion for sanctions. The other action, raising primarily a claim of abuse of process against both an adversary and the adversary's attorney, proceeded before the Honorable Michael L. Rankin. In the challenged rulings, Judge Rankin dismissed the claims against the attorney but declined to otherwise sanction the plaintiff. For the reasons discussed below, we affirm the trial court's judgments in both matters.

## I. Judge Macaluso's denial of Mr. Newman's First and Second Rule 60 Motions

The matter that was before Judge Macaluso stems from a contract dispute in which Keith Britt, represented by Howard A. Newman, Esq., sued Brandi Nave, Esq., his former girlfriend, to recover money he had advanced to her. During the proceedings in that matter, Mr. Newman, as Mr. Britt's counsel, filed a motion for sanctions against Ms. Nave. On March 16, 2011, Judge Macaluso denied the motion for sanctions in an order (the "Sanctions Order") that explained that even if sanctions against Ms. Nave were otherwise warranted, the court would not impose

the requested sanctions because Mr. Britt did "not come to resolution of the issue he presents with clean hands."[1] Mr. Britt appealed the order denying sanctions, and this court affirmed the order in a January 2013 Memorandum Opinion and Judgment (the "MOJ"). After our affirmance, Mr. Newman, now proceeding on his own behalf, filed a July 3, 2014, Motion for Relief (purportedly) pursuant to Super. Ct. Civ. R. 60 (b) (the "First Rule 60 Motion") in which he asked Judge Macaluso to strike certain passages from the Sanctions Order (passages that this court, in the MOJ, termed "non-load bearing" and therefore declined to review). Judge Macaluso denied Mr. Newman's First Rule 60 Motion on August 13, 2014. Thereafter, on August 18, 2014, Mr. Newman filed a Motion to Alter and Amend the August 13, 2014, Order, pursuant to Super. Ct. Civ. R. 59 and R. 60 (the "Second Rule 60 Motion"), again asking Judge Macaluso to delete from the Sanctions Order language that Mr. Newman argued "unfairly attacked his integrity" and was a "black eye" on him. Judge Macaluso denied the Second Rule 60 Motion on February 3, 2015. This appeal by Mr. Newman (in No.15-CV-143)

---

[1] On August 12, 2011, Judge Macaluso did issue a subsequent order (the "Reconsideration Order") granting in part Mr. Britt's Motion for Reconsideration and Clarification, thereby striking certain statements she was persuaded were inaccurate.

followed. He argues that Judge Macaluso erred in not granting relief under Rules 60 (a) and (b). We review for abuse of discretion.[2]

Super. Ct. Civ. R. 60 (a) provides in pertinent part that "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative *or on the motion of any party*" (emphasis added). Super. Ct. Civ. R. 60 (b) provides in pertinent that "the court may relieve *a party* or a party's legal representative from a[n] . . . order" (emphasis added).

Mr. Newman was not a party to the Sanctions Order from which he sought relief in his First Rule 60 Motion (and, as Judge Macaluso noted in her order denying the motion, Mr. Newman — who referred to himself as the "movant" — sought relief from the Sanctions Order "on his own behalf[,]" not on behalf of Mr. Britt). It appears, therefore, that Mr. Newman lacked standing to apply for Rule 60

---

[2] As Mr. Newman acknowledges, we review the denial of a Rule 60 motion for abuse of discretion. *Johnson v. Lustine Realty Co., Inc.*, 640 A.2d 708, 709 (D.C. 1994) (reviewing the ruling on a Rule 60 (b) motion). It appears that this court has not previously stated specifically in a published opinion that abuse of discretion is our standard of review with respect to rulings on Rule 60 (a) motions. We now join other courts in so stating. *See, e.g.*, *Garamendi v. Henin*, 683 F.3d 1069, 1077 (9th Cir. 2012) ("'The standard of review for [a] Rule 60(a) claim is abuse of discretion.'").

relief from the Sanctions Order through his First Rule 60 Motion. *Cf. Western Steel Erection Co. v. United States*, 424 F.2d 737, 738-39 (10th Cir. 1970) (declining to relax the standing requirement of Fed. R. Civ. P. 60 (b), reasoning that "[i]f the threshold bar were not restricted, rule 60(b) could be opened to the broadest claims of ancillary jurisdiction and thereby thwart the finality of principal judgments and established procedures to correct fundamental legal errors[,]" and also holding that "an attorney does not have standing to move under rule 60(b) as a 'legal representative[]'").[3] We affirm the denial of the First Rule 60 Motion on that basis. *See Riverside Hosp. v. District of Columbia Dep't of Health*, 944 A.2d 1098, 1103 (D.C. 2008) ("Questions of standing may be raised *sua sponte* by this or any court."); *Outlaw v. United States*, 632 A.2d 408, 411 (D.C. 1993) ("A court may consider an issue antecedent to . . . and ultimately dispositive of the dispute before it, even an issue the parties fail to identify and brief." (quoting *United States Nat'l Bank of Oregon v. Independent Ins. Agents of Am.*, 508 U.S. 439, 447 (1993) (internal quotation marks omitted))); *Sheetz v. District of Columbia*, 629 A.2d 515, 519 n.5 (D.C. 1993) ("[T]he judgment of the trial court may be affirmed on a ground not raised or considered below.").

---

[3] This court looks to decisions of the federal courts interpreting the counterpart federal rules as persuasive authority in interpreting our local civil rules. *See Puckrein v. Jenkins*, 884 A.2d 46, 56 n.11 (D.C. 2005).

For a related reason, we affirm Judge Macaluso's denial of the Second Rule 60 Motion. Because Mr. Newman lacked standing to pursue the First Rule 60 Motion, there can be no abuse of discretion in Judge Macaluso's refusal to alter her ruling that denied that motion.

Notwithstanding the foregoing, we acknowledge that some courts "have permitted a non-party to bring a Rule 60(b) motion . . . when its interests are strongly affected[.]" *In Re Lawrence*, 293 F.3d 615, 627 n.11 (2d Cir. 2002) (collecting cases). *But see Baker v. Gates*, No. 14-4371-cv, 2015 U.S. App. LEXIS 22870, at *4-5 (2d Cir. Dec. 28, 2015) (explaining that this exception is "factually cabined" and applies only in "extraordinary circumstances," and declining to extend its reach "more broadly"); *Grace v. Bank Leumi Tr. Co.*, 443 F.3d 180, 189 (2d Cir. 2006) (referring to the "exceedingly narrow exception to the well-established rule that litigants, who were neither a party, nor a party's legal representative to a judgment, lack standing to question a judgment under Rule 60(b)"). Even if we were to follow the case law recognizing this exception, we would agree with Judge Macaluso that Mr. Newman was required to present a "strong justification" for being allowed to pursue Rule 60 relief from the Sanctions Motion to which he was not a party. He did not do so. The First Rule 60 Motion

discussed at length the claimed errors in the Sanctions Order but did not discuss how Mr. Newman had been substantially harmed. In the section of his Second Rule 60 Motion discussing how his "substantial rights have been harmed," Mr. Newman stated in a conclusory fashion that "[t]here can be no question that [his] reputation before [the Superior Court], other judges, and other individuals has been harmed as a result of . . . *dicta*" in the Sanctions Order, but he provided no specific facts supporting that assertion. Accordingly, we discern no basis for saying that Judge Macaluso erroneously exercised her discretion in concluding that Mr. Newman showed no such strong justification or extraordinary circumstance, and that Rule 60 (b) relief was not warranted because he failed to describe specifically what substantial rights of his had been harmed by the Sanctions Order.

As for Mr. Newman's argument that Judge Macaluso erred in denying him relief under Rule 60 (a), we similarly can find no abuse of discretion. Mr. Newman's argument is that Judge Macaluso erred by not changing the language in "the decretal paragraph" of the Reconsideration Order, which mistakenly referred to striking language from a different March 16, 2011, order (that denied Mr. Britt's motion for fees and costs) instead of from the Sanctions Order (which is what

Judge Macaluso clearly intended[4]).  We note that although the prayer for relief section of the First Rule 60 Motion asked the court to make that change, the motion cited only Rule 60 (b)(6) as authority for the requested relief and did not direct Judge Macaluso's attention to Rule 60 (a); thus, Judge Macaluso reasonably understood that Mr. Newman "ask[ed] for this relief [only] under Super. Ct. Civ. R. 60 (b)(6)."  The Second Rule 60 Motion was no less opaque; in it, Mr. Newman stated (quite weakly) that his "request perhaps should have been under Rule 60 (a)."  In any event, because Mr. Newman acknowledges that the Reconsideration Order "was clear in what it intended to do — modify the Sanctions Order[,]" we discern no harm to Mr. Newman — and thus no abuse of discretion — from Judge Macaluso's denial of relief.[5]

---

[4]  Despite using the name of the other order issued on the same day, Judge Macaluso clearly intended to edit the Sanctions Order.  In her Reconsideration Order, she ordered that language on "page 10" be stricken, but the mistakenly referenced order had only two pages whereas the Sanctions Order had twelve.

[5]  *See Johnson v. United States*, 398 A.2d 354, 366, 367 (D.C. 1979) (explaining that in reviewing a trial court's exercise of discretion, this court "must determine, first, whether the exercise of discretion was in error and, if so, whether the impact of that error requires reversal" i.e., whether the error "caused [any] significant prejudice[,]" and clarifying that it is only "when both these inquiries are answered in the affirmative that we hold that the trial court 'abused' its discretion").

**II.     Judge Rankin's dismissal of the complaint against Mr. Newman and denial of "defendant's motion" for sanctions against Ms. Nave**

The matter that was before Judge Rankin commenced when Ms. Nave turned the tables by suing both Mr. Newman and Mr. Britt, alleging abuse of process, malicious use of process, defamation, injurious falsehood/disparagement of title, intentional infliction of emotional distress, and civil conspiracy — claims premised on actions Mr. Britt and Mr. Newman took in the prior breach-of-contract litigation and a related bankruptcy case. Defendant Britt responded by filing motions for Super. Ct. Civ. R. 11 sanctions against Ms. Nave. Judge Rankin dismissed Ms. Nave's claims against Mr. Newman and denied the "Defendant's motion" for sanctions. Ms. Nave appeals from the order dismissing Mr. Newman, and Mr. Newman appeals from the ruling denying Rule 11 sanctions.

**A.  The dismissal of Ms. Nave's claims against Mr. Newman**

Ms. Nave argues that the dismissal of Mr. Newman was improper because the causes of action against Mr. Newman were legally cognizable and because Judge Rankin "made no findings whatsoever as to why [he] dismissed" Mr. Newman. She seeks a ruling that Judge Rankin "clearly erred in dismissing [Mr.] Newman[.]"

The following background is pertinent. On March 7, 2013, defendants Britt and Newman moved to compel Ms. Nave to respond to their discovery requests, which, *inter alia*, asked Ms. Nave to identify the basis for her including Mr. Newman, Mr. Britt's counsel, as a party. Judge Rankin granted the defendants' motion and ordered Ms. Nave to "fully respond" by April 5, 2013. At a June 26, 2013, hearing, Judge Rankin emphasized that, to establish the viability of her claims against Mr. Newman, Ms. Nave would need to persuade the court that Mr. Newman's actions went beyond doing "the kinds of things that one would think that a lawyer can [do] without having to be charged with abusing process and misusing the court."

Ms. Nave eventually responded to the defense discovery requests, stating that her basis for suing Mr. Newman was his conduct in the previous litigation before Judge Macaluso and in the bankruptcy court. Ms. Nave stated that Mr. Newman "acted with bad faith in making multiple misrepresentations of fact and law on behalf of Mr. Britt" in both matters, and that he "harass[ed]" Ms. Nave's former counsel by calling and emailing them to discuss matters that were previously settled and "attempted to re-litigate each and every facet of the underlying Superior Court case" instead of "limiting the issues only to those issues

that the bankruptcy court set forth[,]" thus "caus[ing] Ms. Nave's legal bills to be excessive."

At a status hearing on September 20, 2013, Judge Rankin ruled from the bench, dismissing Mr. Newman as a party. The same day, the judge memorialized those rulings in a short written order.[6] Although Judge Rankin's oral and written rulings stating that Mr. Newman was dismissed as a defendant were not accompanied by an explanation for the ruling, the record, including the judge's comments from the bench, leaves little doubt about why he ruled as he did. As described above, Ms. Nave's discovery responses make clear that her basis for suing Mr. Newman was his conduct in the previous litigation before Judge Macaluso and in the bankruptcy court. At the September 20, 2013, status hearing, after Ms. Nave's counsel asserted that both Judge Macaluso and the bankruptcy judge understood that the conduct by Mr. Britt and his counsel involved "bad faith" and "harassment," Judge Rankin told the parties that he was "not sure [he] would've used those characterizations[.]"[7] Judge Rankin's remarks signify that he

---

[6] Judge Rankin permitted the suit against Mr. Britt to proceed. However, Mr. Britt later settled with Ms. Nave and is no longer a party.

[7] Judge Rankin also asked why Ms. Nave did not seek sanctions from those courts rather than filing her lawsuit.

was unpersuaded that Mr. Newman's conduct as counsel had gone beyond doing "the kinds of things that one would think that a lawyer can [do] without having to be charged with abusing process and misusing the court."

Ms. Nave argues that Judge Rankin's assessment was wrong as a matter of law. Actually, the opposite is true. "Only in rare circumstances will a party be justified in suing his opponent's lawyer." *Goldschmidt v. Paley Rothman Goldstein Rosenberg & Cooper, Chartered*, 935 A.2d 362, 381 (D.C. 2007). If "[a]n attorney . . . pursues in good faith his . . . client's interests on a matter fairly debatable in the law[,] [he] cannot be held liable to an opposing party." *Id.* (quoting *Fischer v. Estate of Flax*, 816 A.2d 1, 6 (D.C. 2003) (internal quotation marks omitted)). Further, "there can be no conspiracy when an attorney acts within the scope of his employment . . . [that is,] where an attorney's advice or advocacy is for the benefit of his client and not for the attorney's sole personal benefit." *Id.* (internal quotation marks omitted). "'[S]o long as the lawyer acts or advises with the purpose of promoting the client's welfare, it is immaterial that the lawyer hopes the action will increase the lawyer's fees or reputation as a lawyer or takes satisfaction on the consequences to a nonclient.'" *Shenandoah Assocs. v. Tirana*, 322 F. Supp. 2d 6, 11 (D.D.C. 2004) (quoting Restatement (Third) of the Law Governing Lawyers § 57 cmt. g (2003)). "On the other hand, an attorney may

be liable if he possesses a desire to harm which is independent of the desire to protect his client." *Goldschmidt*, 935 A.2d at 381 (internal quotation marks and brackets omitted). "This would constitute actual malice and therefore substantiate a [claim against the attorney]." *Id.* (internal quotation marks omitted); *see Newburger, Loeb & Co., Inc. v. Gross*, 563 F.2d 1057, 1080 (2d Cir. 1977) ("[A]n attorney . . . cannot be held liable to third parties for actions taken in furtherance of his role as counsel unless it is shown that he did something either tortious in character or beyond the scope of his honorable employment.") (internal quotation marks omitted).

Here, the order dismissing Mr. Newman was warranted because Ms. Nave failed to allege facts from which it could legitimately be inferred that Mr. Newman acted with malice, i.e., with a desire to harm Ms. Nave that was independent of his desire to protect Mr. Britt. With one exception, the entirety of Ms. Nave's complaint as it pertains to Mr. Newman alleges that the "[d]efendants" committed tortious acts (e.g., by filing a "superabundance . . . of motions" against Ms. Nave and filing pleadings that alleged "false facts" and "unfounded and unsubstantiated allegations"). The only allegation against Mr. Newman alone is that he "repeatedly harassed Plaintiff's attorneys[] . . . and attempted to rehash matters that were previously dismissed or settled in a further[] attempt to excessively increase

costs of litigation for the Plaintiff." This allegation nevertheless relates to Mr. Newman's work in service of his client. Ms. Nave's brief on appeal likewise emphasizes that her claims were brought against both Messrs. Newman and Britt because "[Mr.] Newman was at all times [Mr.] Britt's attorney in [prior] litigation" and acted "on behalf of his client . . . [Mr.] Britt" in the proceedings before Judge Macaluso in Superior Court and before the Bankruptcy Court. Ms. Nave's allegations, that Messrs. Newman and Britt (as attorney and client) together committed various torts, fail to satisfy the *Goldschmidt* requirement that the attorney be acting in a different capacity from his client to be liable. *See Goldschmidt*, 935 A.2d at 381.

Moreover, although Ms. Nave made conclusory allegations about the defendants' having harassed Ms. Nave's colleagues, employers, and friends and having made false statements to third parties outside the litigation context about Ms. Nave's integrity, she alleged no specific facts indicating that her claims stemmed from anything other than legal proceedings, and she failed to provide any basis for her claim that Mr. Newman "acted with malice" in carrying out the alleged torts.[8] She failed to do so even though, before dismissing the action against

---

[8] Existence of malice is ordinarily a factual issue for jury, *see Alfred A. Altimont, Inc. v. Chatelain, Samperton & Nolan*, 374 A.2d 284, 290 (D.C. 1977),

(continued…)

Mr. Newman, Judge Rankin repeatedly admonished her that she must allege facts establishing (at least prima facie) the viability of her claims against Mr. Newman.

## B. The denial of "defendant's motion" for sanctions against Ms. Nave

Mr. Britt filed verified motions for Rule 11 sanctions against Ms. Nave, and Mr. Newman subsequently filed motions to "Adopt and Conform" to Mr. Britt's motions. On March 27, 2013, Judge Rankin issued an Omnibus Order in which he ruled that the court "will consider defendant Britt's motions as having been filed by both defendants." However, during the September 20, 2013, status hearing, Judge Rankin first ruled that Mr. Newman would be dismissed from the suit, and thereafter denied Mr. Britt's — the remaining "defendant's" — motions for Rule

---

(…continued)
but failing to allege any facts supporting a conclusory assertion of actual malice requires dismissal of a complaint, *Mazur v. Szporer*, No. Civ.A. 03-00042, 2004 U.S. Dist. LEXIS 13176 (D.D.C. June 1, 2004). Ms. Nave asserts that Judge Rankin never explained why her allegations "could not state claims against Newman, but could state claims against Britt." We think it is obvious, however, that while the facts alleged in the complaint (e.g., that Nave ended a romantic relationship with Britt, that the two had a "a minor disagreement" at a birthday party, that Britt filed a Bar grievance against Nave, that Nave allegedly owed Britt substantial sums of money, and that Britt "publicized false allegations that [Nave] . . . suffered from . . . alcoholism") make plausible the claim that Britt bore malice toward Nave, none of these alleged facts suggests malice on the part of Newman, acting as Britt's attorney, toward Nave.

11 sanctions (rulings that Judge Rankin memorialized in a brief written order).  Mr. Britt filed a motion for reconsideration.  On November 8, 2013, Judge Rankin issued an Omnibus Order again declining to impose Rule 11 sanctions, but "provid[ing] a record detailing [the reasons for his] decision to deny sanctions."  The Omnibus Order set out nine reasons — all of which, we note, are persuasive on their face — why, in Judge Rankins's view, "none of the defendant's allegations constitute sanctionable behavior that would require the Court to impose sanctions."

Mr. Newman nevertheless argues that because Ms. Nave could not establish a prima facie case against her adversary's attorney, sanctions were required.[9]  We conclude for the following reason that we need not delve into the particulars of whether Nave's filing of the lawsuit against Mr. Newman was sanctionable under

---

[9] "We review the trial court's rulings as to [Rule 11] sanctions for abuse of discretion."  *Wilkins v. Bell*, 917 A.2d 1074, 1082 (D.C. 2007).

Rule 11.[10] It appears to us that Judge Rankin believed that, to the extent that any sanction against Ms. Nave was warranted based on her suit against Mr. Newman, that sanction had effectively been accomplished through the dismissal order. The judge explained in his November 8, 2013, Omnibus Order that, because Mr. Newman had been dismissed from the case, the claim that sanctions were warranted against Ms. Nave for improperly suing Mr. Newman was "moot." *Main Line Fed. Sav. & Loan Ass'n v. Tri-Kell, Inc*., 721 F.2d 904, 907 (3d Cir. 1983) (noting that a matter is moot when there will be "nothing gained by reaching a decision"). Just as important for our analysis, in his First Rule 60 Motion (in the case that was before Judge Macaluso), Mr. Newman asserted that his dismissal from the case brought by Nave was the "relief requested in [his] Rule 11 motion."[11] Mr. Newman's brief on appeal similarly acknowledges that Judge Rankin "denied the Rule 11 Motions *(except for dismissing Newman)*" (emphasis added). Mr. Newman's statements show that he, too, recognizes that his dismissal from the case was effectively a sanction against Ms. Nave. We recognize that in

---

[10] We also observe the fact that a lawsuit is dismissed as not viable does not compel a conclusion that sanctions are warranted for filing the suit. *Cf. Burtoff v. Faris*, 935 A.2d 1086, 1091 (D.C. 2007) ("[A]lthough we have affirmed the trial court's dismissal of [Burtoff's suit] on the . . . ground . . . of statute of limitations, it is not obvious to us that an award of Rule 11 sanctions would be compelled, or even justified, by Burtoff's untimely filing of that suit.").

[11] Specifically, the Rule 11 motion asserted that Judge Rankin was "free to . . . dismiss Nave's action").

his motions to "Adopt and Conform," Mr. Newman also specifically asked Judge Rankin to award as sanctions "Defendant's attorneys' fees . . . arising out of [Ms. Nave's asserted] multiple Rule 11 violations[.]"  However, the record strongly suggests that Mr. Newman did not incur any attorneys' fees in responding to the suit by Ms. Nave;[12] Judge Rankin understood that Mr. Newman would hold off on retaining counsel until the court determined whether the suit against him could go forward (which it did not after the September 20, 2013, ruling).[13]  In addition, although Mr. Newman asked for "punitive damages" when he joined Mr. Britt's motions for Rule 11 sanctions, we see no authority in the rule for an award of such damages.  *See* Super. Ct. Civ. R. 11 (c)(2) (stating that a Rule 11 "sanction may consist of, or include, directives of a nonmonetary nature, an order to pay a penalty into court, or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of some or all of the reasonable attorneys'

---

[12]  Mr. Britt presumably incurred fees and expenses, but, as already noted, he settled with Ms. Nave and has not appealed the denial of Rule 11 sanctions, and Mr. Newman lacks standing to challenge the denial of a sanctions award that would have benefitted Mr. Britt.  *See In re C.T.*, 724 A.2d 590, 595 (D.C. 1999) ("[A]n appellant has standing to appeal from an order of the Superior Court only if his legal rights have been infringed or denied by that order."); *cf. Garvy v. Seyfarth Shaw LLP*, 966 N.E.2d 523, 532 (Ill. App. Ct. 2012) (holding that law firm defendant lacked standing to appeal the denial of its codefendant's motion, even if it had an interest in the outcome of the motion).

[13]  *Cf. Peer v. Lewis*, 571 F. App'x 840, 845 (11th Cir. 2014) ("Circuit precedent indicates that a *pro se* litigant cannot recover attorney's fees under Rule 11.").

fees and other expenses incurred as a direct result of the violation"); *cf. Bus. Guides, Inc. v. Chromatic Communs. Enters*., 498 U.S. 533, 553 (1991) (explaining that district courts are not to use Rule 11 sanctions "as substitutes for tort damages").

In light of all the foregoing, we cannot say that Judge Rankin abused his discretion in declining to further sanction Ms. Nave.

**\*\*\***

For the foregoing reasons, the judgments on appeal are

*Affirmed*.